FILED
CHARLOTTE, NC

MAY 2 8 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

LEGRETTA F. CHEEK,

**Plaintiff,**

vs.

**GURSTEL LAW FIRM, P.C.;
BRENNAN S. MURRAY; JESSE H. WALKER,**

**Defendants.**

**TRAIL BY JURY DEMANDED**

3: 20 - cv 302

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff LeGretta F. Cheek states the following complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") against GURSTEL LAW FIRM, P.C., BRENNAN S. MURRAY and JESSE H. WALKER.

### INTRODUCTION

1. Plaintiff LeGretta F. Cheek brings this action to challenge the acts of Defendant GURSTEL LAW FIRM, P.C., BRENNAN S. MURRAY and JESSE H. WALKER regarding their collective attempts to unlawfully and misleadingly collect a debt allegedly owed by Plaintiff in an improper venue, and this conduct caused Plaintiff damages.

2. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3. Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

Case 3:20-cv-00302-FDW-DSC   Document 1   Filed 05/28/20   Page 1 of 8

4.   This Court has jurisdiction of this matter under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

5.   Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this Complaint occurred while Plaintiff was and has been a resident for a extended period of time of this jurisdiction.

## PARTIES

6.   Plaintiff LeGretta F. Cheek ("Cheek") is a natural person who is a resident of Union County, North Carolina.

7.   Defendant, Gurstel Law Firm, P.C. ("Gurstel") is a professional corporation organized and existing under and by virtue of the laws of the State of Arizona with a principal office located at 6681 Country Club Drive, Golden Valley, MN 55427.

8.   Defendant, Brennan S. Murray ("Murray") is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

9.   Defendant, Jesse H. Walker ("Walker") is a natural person, a licensed Arizona attorney, and was an employee of Gurstel at the time of the unlawful collection activity complained of herein.

10.  Gurstel has a registered agent named CT CORPORATION SYSTEM located at 3800 N. Central Avenue, Suite 460, Phoenix, AZ 85012 and what appears to be a principal place of business at 9320 E Raintree Drive, Scottsdale, AZ 85260.

11.  Gurstel can be served through its registered agent CT CORPORATION SYSTEM located at 3800 N. Central Avenue, Suite 460, Phoenix, AZ 85012 or by service on an

officer or director of the company at its principal office address located at 6681 Country Club Drive, Golden Valley, MN 55427.

12. Attorneys Gurstel, Murray, and Walker (collectively referred to as "Defendants") are adult individuals doing business in the State of Arizona.

13. Defendants are a debt collector as it uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

14. Defendants are a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Gurstel does not have a registered agent or office within the State of North Carolina according to the North Carolina Secretary of State's website.

16. Upon information and belief, Defendants do not maintain a place of business within the State of North Carolina.

17. Upon information and belief, Defendants do not keep assets within the State of North Carolina.

18. Upon information and belief, Defendants have no attorneys licensed to practice law within the State of North Carolina.

19. Upon information and belief, Gurstel hires North Carolina's attorneys on contract while these contract attorneys run and operate their own law firms separately from Gurstel.

20. Upon information and belief, Gurstel does not engage in the provision of legal services to clients within the State of North Carolina, but instead contracts with outside counsel to do so by engaging in commercial or entrepreneurial activity through the leasing out of its letterhead to third party lawyers and law firms in the business of debt collection who are authorized to practice law in North Carolina.

## FACTUAL ALLEGATIONS

21.　Ms. Cheek is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay an alleged debt.

22.　Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are, according to Defendants' own documentation, for primarily personal, family, or household purposes.

23.　Defendants filed a law suit against Ms. Cheek for collection of an allege debt in Arizona and dismiss the case for wrong jurisdiction as shown in Exhibit 1-3;

24.　The alleged debt consists of a Motion to Dismiss without Prejudice for Improper Jurisdiction under Ariz.R.Civ.P. Rule 41(a). Judgment was entered in favor of Ms. Cheek in Maricopa County, Superior Court of the State of Arizona on an alleged defaulted credit card account against Barclay Bank Delaware.

25.　On May 17, 2019, Defendants filed a lawsuit against Ms. Cheek, case number CV2019-051713, in the Superior Court of the State of Arizona, County of Maricopa on behalf of Barclays Bank Delaware in an effort to collect an allege debt from Ms. Cheek as shown in Exhibit 1.

26.　On June 2, 2019, Gurstel served or caused Ms. Cheek to be personally served with the summons and complaint in Chandler, Arizona in Maricopa County where Ms. Cheek was visiting as shown in Exhibit 2.

27.　Ms. Cheek's legal place of abode, when served was not within the precinct of the Maricopa County Justice Court in the State of Arizona, but rather lies in Union County, in the State of North Carolina.

28. On August 22, 2019, Barclay Bank Delaware by and through their counsel Gurstel moved the Arizona Court for this matter to be dismissed without prejudice because Ms. Cheek, Defendant in the case resided out of state of Arizona as shown in Exhibit 3.

29. Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Ms. Cheek, including the use of the United States Mail.

30. The principal purpose of Defendants business is the collection of debts, such as the alleged debt.

31. Ms. Cheek incurred costs associated with being a *Pro Se* to have Defendants dismiss a case that should have never been filed, and that was void ab initio because it violated Ms. Cheek's legal right as a resident in North Carolina.

32. Ms. Cheek suffered anxiety and stress related to the invalid and improper service of process, as well as the improper and invalid legal filings made by Defendants.

## FDCPA CLAIMS

33. Ms. Cheek is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay an alleged debt;

34. Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

35. Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Ms. Cheek, including the use of the United States Mail.

36. That the Alleged Debt which is the subject matter is a consumer "debt" as defined by U.S.CA. § 1692a(5);

37. That the "communication" meaning the conveying of information regarding an alleged debt directly or indirectly to any person through any medium as defined by the U.S.C. § 1692a(2);

38. That Gurstel is a debt collector as defined by the U.S.C. § 1692a(6);

39. That Murray is a debt collector as defined by the U.S.C. § 1692a(6);

40. That Walker is a debt collector as defined by U.S.C. § 1692a(6);

41. That Defendants are in violation of the FDCPA by not communicating an initial notice of the alleged debt to Ms. Cheek as defined by U.S.C. § 1692g.

42. That Defendants are in violation of the FDCPA by bringing an illegal action on an alleged debt against Ms. Cheek in the wrong judicial district in Maricopa County, State of Arizona as defined by U.S.C. § 1692i(a)(2)(B);

43. Defendants violations of the FDCPA have violated Ms. Cheek's statutory rights;

44. Defendants actions in violation of the FDCPA as outlined above have caused Ms. Cheek to be injured in a personal and individual way by causing Ms. Cheek not limited to unnecessary stress low self esteem, personal humiliation, frustration, anxiety, embarrassment, and mental anguish, as well as causing Ms. Cheek to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

## FIRST CAUSE OF ACTION
## COUNT I
## VIOLATION 15 U.S.C. § 1692g(a)

45. Ms. Cheek incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein;

46. Ms. Cheek never received a validation notice of the alleged debt from Defendants which is in violation of 15 U.S.C. § 1692g(a).

## SECOND CAUSE OF ACTION
## COUNT II
## VIOLATION 15 U.S.C. § 1692g(b)

47. Ms. Cheek re-alleges and incorporates paragraphs twenty-one (21) through forty-six (46) as if fully set forth herein;

48. Ms. Cheek never received an initial communication of the alleged debt from Defendants which is violation of 15 U.S.C. § 1692g(b).

## THIRD CAUSE OF ACTION
## COUNT III
## VIOLATION 15 U.S.C. § 1692i(a)(2)(B)

49. Ms. Cheek re-alleges and incorporates paragraphs twenty-one (21) through forty-eight (48) as if fully set forth herein;

50. Defendants violated 15 U.S.C. § 1692i(a)(2)(B) by filing a lawsuit in an improper venue at Maricopa County, in the State of Arizona against Ms. Cheek who resided in Union County, in the State of North Carolina at the time of the lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Cheek prays for relief and judgment, as follows:

   a) Declare that Defendants actions violated the FDCPA;

   b) Awarding Ms. Cheek statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000 per Defendant;

c)  Awarding Ms. Cheek actual damages in an amount to be shown with more particularity at a later date, but not less than $150.00;

d)  Awarding Ms. Cheek reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

a)  Grant Ms. Cheek such other and additional relief as the Court may deem just and equitable.

## **DEMAND FOR TRAIL BY JURY**

Ms. Cheek hereby demands a trial by jury of all issues so triable as matter of law.

Dated: May 28, 2020

Respectfully Submitted,

LeGretta F. Cheek
113 Indian Trail Rd N, Suite 100
Indian Trial, North Carolina 28079
lcheek9167@aol.com
704.578.4889
*Pro Se Plaintiff*