IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:20-cv-302-FDW DSC

LEGRETTA F. CHEEK,

       Plaintiff,

V.

GURSTEL LAW FIRM, P.C.,
BRENNAN S. MURRAY; JESSE H. WALKER

       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

Defendants Gurstel Law Firm, P.C., ("Gurstel") Brennan S. Murray ("Murray"), and Jesse H. Walker ("Walker") (collectively "Defendants") and pursuant to LCvR. 7.1 submits this Memorandum in Support of Defendants' Motion to Dismiss which is filed pursuant to Rule 12(b)(2), Rule 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, improper venue, and for failure to state a claim for which relief can be granted.

With this lawsuit Plaintiff continues her improper pursuit in bringing claims against Defendants in the wrong jurisdiction and for claims that fail to state a claim for which relief

1

can be granted. This is the third FDCPA lawsuit that Plaintiff Legretta F. Cheek ("Plaintiff) has brought against Gurstel and Gurstel's individually attorneys in North Carolina.

**On November 4, 2019**, , Plaintiff brought an FDCPA claim against Gurstel and its individual attorneys (the "First Action"). *Cheek v. Gurstel Law Firm, P.C., et al.,* Case No. 3:19-CV-00590-FDW, ECF No.1 (W.D.N.C.). On January 23, 2020, Gurstel brought a motion to dismiss for lack of personal jurisdiction. On July 14, 2020, the Court granted the motion to dismiss and dismissed Plaintiff's case. *Cheek v. Gurstel Law Firm, P.C., et al.,* Case No. 3:19-CV-00590-FDW, ECF No. 31 (W.D.N.C. Jul 14, 2020)

**On March 23, 2020,** Plaintiff brought another FDCPA claim against Gurstel and its individual attorneys and others with respect to the same underlying transaction (the "Second Action").*Cheek v. Gurstel Law Firm, P.C., et al.,* , Case No. 3:20-CV-00182-RJC-DSC, ECF No. 1 (W.D.N.C.) Gurstel brought a motion to dismiss. *Id.* at ECF No. 27. On July 1, 2020, the Magistrate Judge issued a Memorandum and Recommendation, recommending the Gurstel Motion to Dismiss, as well as those of the other defendants, be granted under the *Rooker- Feldman* doctrine. Plaintiff has filed a motion to reconsider and the matter is pending.

**On June 8, 2020**, Plaintiff served this matter alleging claims for violations of the FDCPA against Gurstel and its individual attorneys. This case is nearly identical in jurisdictional facts to the First Action, Case No. 3:19-CV-00590-FDW, which this Court has dismissed for lack of personal jurisdiction. Further, Plaintiff's claims in the lawsuit have an added deficiency in being barred by the applicable statute of limitations.

## ISSUES IN DISPUTE

**1. Plaintiff's Claims are Outside the One-Year FDCPA Statute of Limitations**

Plaintiff's lawsuit relates to a Creditor Lawsuit filed by Gurstel Law Firm on **May 17, 2019** in Arizona State Court on behalf of Barclays Bank. Cheek alleges that (1) Gurstel Law Firm violated 15 U.S.C. § 1692i by bringing the Barclays Creditor Lawsuit in Arizona when Plaintiff resided in N.C.; and (2) **prior to the May 17, 2019** Creditor Lawsuit, Gurstel did not send proper validation of debt under 15 U.S.C. § 1692g. Both FDCPA claims are outside the one-year FDCPA statute of limitations. The alleged FDCPA violations occurred when Gurstel Law Firm filed the Arizona Barclays Creditor Lawsuits on May 17, 2019 (See Doc. 1, Ex. 1). Under both Arizona civil procedure and the Federal Rules of Civil procedure, "A civil action is commenced by filing a complaint with the court". Not by the date of service. On **May 28, 2020,** Plaintiff filed the FDCPA lawsuit outside the one-year window. Plaintiff's claims must be dismissed with prejudice.

**2. Lack of Personal Jurisdiction**

Plaintiff has sued Defendants in the State of North Carolina but Defendants are not subject to North Carolina's personal jurisdiction. Defendants have each submitted declarations, attached to this motion, attesting they do not have the required minimum contacts with North Carolina. Plaintiff's Complaint does not contain any allegations which would support personal jurisdiction. It is Plaintiff's burden to establish personal jurisdiction and any allegations in the Complaint are taken as true only if they are not controverted by evidence from the defendant. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *See Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984).

Defendants seek complete dismissal of the Complaint pursuant to Federal rules of Civil Procedure 12(b)(2).

### 3. Improper Venue

Plaintiff has brought this lawsuit in the Western District of North Carolina, but this judicial district is an improper venue for this action. Pursuant to 28 U.S.C. § 1391, venue is only proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. Defendants have submitted declarations showing their presence in the State of Arizona, and Plaintiff's Complaint only lists events which occurred in Arizona as giving rise to her claims. Furthermore, as argued under Issue 2, Defendants are not subject to personal jurisdiction in this State. Defendants seek complete dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3).

## II. BACKGROUND FACTS

The facts relevant to this motion are based on facts alleged by Plaintiff in her Complaint, in addition to the Declarations of Todd Gurstel (on behalf of Defendant Gurstel law Firm), Defendant Brennan S. Murray, and Defendant Jesse H. Walker.

Gurstel Law Firm is a creditor rights legal practice incorporated in the State of Minnesota and has a principle place of business in the State of Minnesota. (Declaration of Todd Gurstel ("Gurstel Decl.") ¶ 4). Gurstel Law Firm does not have any offices,

4

employees or agents in the State of North Carolina. (Gurstel Decl. ¶¶ 5-7). Gurstel Law Firm does not conduct, and has never knowingly reached in to ever conduct, any business activities in North Carolina. (Id). Defendants Murray and Walker (collectively "Individual Defendants") are associate attorneys employed by Gurstel Law Firm in Arizona. (*See* Doc. No. 1. ¶¶ 7-10.) (Declaration of Jesse Walker ("Walker Decl.") ¶¶ 2-4) (Declaration of Brennan Murray ("Murray Decl.") ¶ 2-4). The Individual Defendants reside in the State of Arizona, are licensed to practice in the State of Arizona and work in Gurstel Law Firm's Arizona office. (*See* Doc. No. 1, ¶¶ 7-10) (Walker Decl. ¶¶ 3-4) (Murray Decl. ¶¶ 3-4). The Individual Defendants and Gurstel Law Firm do not own, lease or rent any property in the State of North Carolina. (Id.) (Gurstel Decl. ¶¶ 4-7). The Individual Defendants and Gurstel Law Firm do not have continuous or regular occurring contacts with the State of North Carolina. (Id.) (Gurstel Decl. ¶¶ 4-7).

Gurstel Law Firm was hired by Barclays Bank Delaware ("Barclays") to collect an outstanding debt owed by Plaintiff Legretta F. Cheek ("Plaintiff") to Barclays pursuant to a credit account agreement. (Doc. No. 1, ¶¶ 25-26) (Gurstel Decl. ¶ 10-11). At the time of debt charge off, the credit account monthly statements were sent by Barclays to Plaintiff at 7124 W Linda Lane, Chandler, Arizona 85226 ("Plaintiff's Arizona Address"), which was her last known address provided by Plaintiff to Barclays as her contact address. (Gurstel Decl. ¶ 11). All the collection letters sent by Gurstel Law Firm to Plaintiff were delivered to Plaintiff's Arizona Address. (Gurstel Decl. ¶ 12).

On May 17, 2019, Gurstel Law Firm filed a lawsuit in the Superior Court of Arizona, County of Maricopa, titled *Barclays Bank Delaware, Plaintiff, v. Legretta F. Cheek et al,*

5

*Defendant* ("Creditor Lawsuit"). (Doc. No. 1 ¶ 25) (Gurstel Decl. ¶ 13). On June 2, 2019, Gurstel Law Firm effectuated service on Plaintiff at Plaintiff's Arizona Address. (Doc. No. 1 ¶ 26.) (Walker Decl. ¶ 7). Plaintiff subsequently filed an Answer Pleading which listed Plaintiff's Arizona Address under the signature line. Prior and subsequent to the Creditor Lawsuit being filed and served the Individual Defendants and Gurstel Law Firm had never reached into or contacted the Plaintiff in North Carolina to collect the Barclays credit account debt. (Gurstel Decl. ¶ 15) (Walker Decl. ¶ 9) (Murray Decl. ¶ 7).

### III. LEGAL STANDARD

#### A. Rule 12(b)(6) Legal Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

6

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Sons of Confederate Veterans v. City of Lexington*, 722 F.3d 224, 228 (4th Cir. 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Neitzke v. Williams*, 490 U.S. at 328; *see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs.,* 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

### B. Rule 12(b)(2) Legal Standard of Review

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissal is proper where the court lacks personal jurisdiction over the defendants. The issue of personal jurisdiction is to be resolved by a judge, with the burden on the plaintiff to show beyond a preponderance of the evidence that the court has justification for exercising jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). "[T]he burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id*. The allegations of a complaint are taken as true only if they are not controverted by evidence from the defendant. *See Wolf v. Richmond Cnty. Hosp. Auth.,* 745 F.2d 904, 908 (4th Cir.1984). Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position. *See Clark v.*

*Remark,* 993 F.2d 228 (table), 1993 WL 134616, at *2 (4th Cir.1993); *Vision Motor Cars, Inc. v. Valor Motor Co.,* 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).

### C. Rule 12(b)(3) Legal Standard of Review

"When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Plant Genetic Sys. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C.1996) (citing *Bartholomew v. Va. Chiropractors Ass'n,* 612 F.2d 812, 817 (4th Cir.1979)). "[T]he court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make only a *prima facie* showing of proper venue in order to survive a motion to dismiss. In assessing whether there has been a prima facie venue showing, we view the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co.,* 675 F.3d 355, 365–66 (4th Cir.2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir.2004).

## IV. ARGUMENT

### A. Plaintiff's Claims are Barred by the Statute of Limitations.

Plaintiff's lawsuit relates to a Creditor Lawsuit filed by Gurstel Law Firm on May 17, 2019 in Arizona State Court on behalf of Barclays bank. Cheek alleges two claims against Defendants: (1) Defendants violated 15 U.S.C. § 1692i by bringing the Barclays Creditor Lawsuit in Arizona when Plaintiff resided in North Carolina; and (2) prior to the May 17, 2019 Creditor Lawsuit, Gurstel did not send proper validation of debt under 15 U.S.C. § 1692g. Both FDCPA claims are outside the one-year FDCPA statute of

8

Case 3:20-cv-00302-FDW-DSC   Document 16   Filed 07/20/20   Page 8 of 16

limitations. *See* 15 U.S.C. §1692k(d) (which requires that suit be brought within one year from the date on which the violation occurs).

The alleged FDCPA violations occurred when Gurstel Law Firm filed the Arizona Barclays Creditor Lawsuits on May 17, 2019 (See Doc. 1, Ex. 1). Under both Arizona Rules of Civil Procedure and the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court" and not by the date of service of the summons and complaint. *See* Ariz. R. Civ. P. 3; *see also* Fed. R. Civ. P. 3. Thus, Plaintiff's cause of action against Defendants commenced on May 17, 2019. Plaintiff filed the FDCPA lawsuit outside the one-year window, on May 28, 2020. Plaintiff's claims must be dismissed with prejudice.

**B. Dismissal is Proper Under Rule 12(b)(2) Because the Defendants Are Not Subject to Personal Jurisdiction in North Carolina.**

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.,* 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, ... the dual jurisdictional requirements collapse into a single inquiry" of whether personal jurisdiction comports with due process. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

The due process inquiry "can be undertaken through two different approaches – by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction" based on "continuous and systematic" activities. *ALS Scan, Inc. v. Digital Serv. Consul., Inc.,* 293 F.3d 707, 711 (4th Cir. 2002). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); *see Burger King Corp. v. Rudzewicz* 471 U.S. 462, 474-76 (1985).

For this Court to exercise jurisdiction over Defendants, due process requires Defendants have sufficient minimum contacts with the state of North Carolina such that personal jurisdiction over them does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Plaintiffs must establish that each defendant engaged in purposeful availment of the privilege of conducting activities within the forum state. *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 821 (8th Cir. 2014). When there are multiple defendants, the Court must assess each defendant's contacts with the forum state. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Purposeful availment means that actions by the defendants themselves must

create a substantial connection with the forum state and provide "fair warning" to defendants that they may be subject to jurisdiction there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475 (1985). The "fair warning" requirement will be met if defendants have purposefully directed their activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.,* at 472–73 (citations omitted).

1. **Plaintiff Has Not Met Her Burden to Allege Facts in The Complaint That Support Personal Jurisdiction Over the Defendants.**

A plaintiff bears the burden to state a *prima facie* case for existence of jurisdiction over the defendants. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).

In this case, Plaintiff's lawsuit centers around the lawsuit in the Superior Court of Arizona, County of Maricopa, titled *Barclays Bank Delaware Plaintiff, v. Legretta F. Cheek et al, Defendant* ("Creditor Lawsuit"), Case No. CV2019-051713. (Doc. No 1, Ex. 1). Plaintiff's Complaint alleges that Gurstel Law Firm brought the Creditor Lawsuit in an improper venue in violation of Fair Debt Collection Practices Act 15 U.S.C § 1692i(a)(2)(B). (Doc. No 1 ¶¶ 41-42) Leading up to the filing of the lawsuit, Gurstel Law Firm did not conduct any activity directed at North Carolina; Gurstel Law Firm did not send any collection letters or mail correspondence to North Carolina; and Gurstel Law Firm did not call the Plaintiff while she was in North Carolina. (Gurstel Decl. ¶ 15); (Walker Decl. ¶ 6); (Murray Decl. ¶ 6).

Plaintiff statements in her Complaint, on their own, essentially establish no personal jurisdiction over the Defendants. Plaintiff admits that Defendants do not maintain a place

11

of business in North Carolina. (Doc. No 1 ¶ 16). Plaintiff admits that Defendants do not keep assets in North Carolina. (Doc. No 1 ¶ 17). Plaintiff admits that Defendants are not authorized to practice law in North Carolina. (Doc. No 1 ¶ 18). Plaintiff admits that Defendants do not engage in the provision of legal services to clients in North Carolina. (Doc. No 1 ¶ 20).

The statements that Plaintiff alleges regarding personal jurisdiction are only based on Plaintiff's "information and belief", and are false, and easily rebutted:

> 19. Upon information and belief; Gurstel hires North Carolina's attorneys on contract while these contract attorneys run and operate their own law firms separately from Gurstel.
>
> 20. Upon information and belief, Gurstel does not engage in the provision of legal services to clients within the State of North Carolina, but instead contracts with outside counsel to do so by engaging in commercial or entrepreneurial activity through the leasing out of its letterhead to third party lawyers and law firms in the business of debt collection who are authorized to practice law in North Carolina.

These allegations are false. (Gurstel Decl. ¶¶ 6-8) Plaintiff does not and will not be able to support any of these allegations with a scintilla of evidence. Further, the conduct Plaintiff attributes to Defendants is in itself illegal and considered an unauthorized practice of law. Because Plaintiff's single personal jurisdiction allegation is unsupported and rebutted by Defendants, the Complaint should be dismissed pursuant to Rule 12(b)(2) unless Plaintiff's can produce some type of evidence supporting her claims.

The contacts relating to the debt Defendants have had with North Carolina occurred when Defendant Walker, in support of the notice requirements of the ongoing Arizona lawsuit, mailed to Plaintiff's North Carolina address the Notice of Arbitration and the State

12

Court's selection of Arbitrator. This was done over two months after the Creditor Lawsuit began, and only after Plaintiff filed with the Arizona Superior Court a change of address notice. (Walker Decl. ¶¶ 10-11). Defendant Walker also mailed to Plaintiff at her North Carolina Address the Notice of Motion to Dismiss the Creditor Lawsuit with Prejudice, as required by the Arizona Rules of Civil Procedure. (See Doc. 1, Ex. 3). Such conduct is insufficient to meet the requirements of personal jurisdiction. Defendants only mailed documents to North Carolina so they could comply with the requirements of an ongoing lawsuit in Arizona against a party that, for the beginning part of that suit, lived in Arizona. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009).

## C. Dismissal is Proper Under Rule 12(b)(3) Because the Plaintiff has Brought This Action in an Improper Venue.

Under Federal Rule of Civil Procedure 12(b)(3) dismissal is proper where venue is improper. Pursuant to 28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391. Dismissal is proper if a case is filed in the wrong division. 28 U.S.C.§ 1406(a). In this case, and as argued above, none of the Defendants reside in North Carolina, and Plaintiff's Complaint lists only Arizona activities as events giving rise to Plaintiff's lawsuit. (See Doc. No 1 ¶¶ 33-44). Therefore, both subsections 1 and 2 under § 1391 did

13

Case 3:20-cv-00302-FDW-DSC   Document 16   Filed 07/20/20   Page 13 of 16

not occur in this judicial district. The United State District Court for the District of Arizona would meet both requirements and Plaintiff was required to bring her lawsuit there.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court dismiss the Complaint. The claims are time-barred, the Court lacks personal jurisdiction over the defendants and the suit has been brought in an improper venue.

This the 20th day of July, 2020

> */s/ Caren D. Enloe*
> Caren D. Enloe
> SMITH DEBNAM NARRON DRAKE
> SAINTSING & MYERS LLP
> NC State Bar No. 17394
> P.O. Box 176010
> Raleigh, NC 27619-6010
> Telephone: 919-250-2000
> Facsimile: 919-250-2124
>
> *Attorneys for Defendants Gurstel Law Firm, P.C., Brennan S. Murray and Jesse H. Walker*

## WORD COUNT CERTIFICATION

The undersigned certifies that the memorandum does not exceed 4,500 words of allowed text.

                    */s/ Caren D. Enloe*
                    Caren D. Enloe
                    SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS LLP
                    NC State Bar No. 17394
                    P.O. Box 176010
                    Raleigh, NC 27619-6010
                    Telephone: 919-250-2000
                    Facsimile: 919-250-2124

                    *Attorneys for Defendants Gurstel Law Firm, P.C., Brennan S. Murray and Jesse H. Walker*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I placed a copy of the foregoing in the United States Mail, first class postage prepaid addressed as follows:

LeGretta F. Cheek
113 Indian Trail Road, Suite 100
Indian Trail, NC 28079

> */s/ Caren D. Enloe*
> Caren D. Enloe
> SMITH DEBNAM NARRON DRAKE
> SAINTSING & MYERS LLP
> NC State Bar No. 17394
> P.O. Box 176010
> Raleigh, NC  27619-6010
> Telephone:  919-250-2000
> Facsimile:  919-250-2124
>
> *Attorneys for Defendants Gurstel Law Firm, P.C., Brennan S. Murray and Jesse H. Walker*